Filed 3/13/24  P. v. Sardin CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEON LOREN SARDIN,<br><br>    Defendant and Appellant. | B325169<br><br>(Los Angeles County<br>Super. Ct. No. A771092) |

APPEAL from an order of the Superior Court of Los Angeles County, Craig E. Veals, Judge. Affirmed.

James Koester, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Deon Loren Sardin appeals the trial court's order denying his petition for vacatur of his murder conviction and resentencing under Penal Code section 1172.6.[1]  The trial court found Sardin ineligible for relief as a matter of law because the jury convicted him as the actual killer.

On appeal, Sardin argues the trial court improperly relied on minute orders and facts contained in the appellate court's prior opinion to deny the petition at the prima facie stage.  We affirm the trial court's order.

## PROCEDURAL HISTORY

In 1987, the jury found Sardin guilty of first degree murder (§ 187, subd. (a); count 1), petty theft (§ 484; count 2), first degree burglary (§ 459; count 3), and rape (§ 261.2; count 4).  The jury found true the allegations that Sardin intentionally committed the murder during the commission of a rape and in the commission of a burglary (§ 190.2, subd. (a)(17)), and personally used a deadly and dangerous weapon, a strangulation cord (§ 12022, subd. (b)).  Sardin was sentenced to 25 years to life in prison without the possibility of parole.

In 1989, another panel of this court affirmed the trial court's judgment.

On July 28, 2022, Sardin filed a form petition for vacatur of his murder conviction and resentencing pursuant to section 1172.6.  On August 8, 2022, the trial court appointed counsel, and issued a tentative ruling.  A hearing was held on the matter on

---

[1] All further statutory references are to the Penal Code.

October 10, 2022.[2]  Following the hearing, the trial court issued a minute order that adopted its August 8, 2022 tentative ruling, stating, as relevant here:

"The facts of [petitioner's] crimes, summarized from the appellate decision, are as follows.  On August 13, 1985, petitioner broke into the empty residence of his neighbor, Mary Emanuele, to search for items of value.  When Ms. Emanuele unexpectedly returned home, petitioner grabbed her and rendered her unconscious by choking her to death with a long piece of telephone cord.  He then proceeded to rape her and left with nothing of value.  Ms. Emanuele died from the attack.

"Based on this evidence, petitioner's jury subsequently convicted him of murder in the first degree, along with his other crimes, and also found petitioner personally used a deadly and dangerous weapon in the commission of the offense.  Petitioner therefore was not convicted on any theory of imputed malice, but instead because he alone was the actual killer."

Sardin timely appealed.

## DISCUSSION

### *Legal Principles*

"Murder is the unlawful killing of a human being with malice aforethought.  (§ 187, subd. (a).)  ' "Under the felony-murder doctrine as it existed at the time of [Sardin's] trial, 'when

---

[2] The record does not reflect whether the People filed a response or defense counsel filed a reply and does not contain a reporter's transcript of the hearing to determine prima facie eligibility.

the defendant or an accomplice kill[ed] someone during the commission, or attempted commission, of an inherently dangerous felony,' the defendant could be found guilty of the crime of murder, without any showing of 'an intent to kill, or even implied malice, but merely an intent to commit the underlying felony.' [Citation.] Murders occurring during certain violent or serious felonies were of the first degree, while all others were of the second degree. [Citations.]" [Citations.]' (*People v. Wilson* (2023) 14 Cal.5th 839, 868.)" (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1199.)

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) " 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) 'As amended by Senate Bill No. 1437, the text of section 189 provides no additional or heightened mental state requirement for the "actual killer" prosecuted under a felony-murder theory; it requires only that "[t]he person was the actual killer." [Citation.]' (*People v. Albert Garcia* (2022) 82 Cal.App.5th 956, 967.) 'In our view, the Legislature's purpose in revising the law as it relates to felony-murder liability was to ensure proportionate punishment for accomplices in the felony-murder context, and that the term "actual killer" is meant to distinguish the person who actually caused the victim's death, including in circumstances where two or more persons

4

participated in the felony.' (*Id*. at p. 968.)" (*People v. Bodely*, *supra*, 95 Cal.App.5th at pp. 1199–1200.)

" 'Senate Bill 1437 also created a procedural mechanism for those convicted of murder under prior law to seek retroactive relief. [Citations.] Under section 1172.6, the process begins with the filing of a petition declaring that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189" made by Senate Bill 1437. [Citation.] The trial court then reviews the petition to determine whether a prima facie showing has been made that the petitioner is entitled to relief. [Citation.] "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.]" [Citation.]' (*People v. Wilson*, *supra*, 14 Cal.5th at p. 869, fn. omitted.)" (*People v. Bodely*, *supra*, 95 Cal.App.5th 1193, 1200.)

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless. . . . [¶] While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. . . . '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "In reviewing any part of the record of conviction at this preliminary

5

juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] . . . [T]he 'prima facie bar was intentionally and correctly set very low.' " (*Id.* at p. 972.) If the petitioner makes a prima facie showing of eligibility, the trial court must issue an order to show cause and hold an evidentiary hearing. (*Ibid.*)

We independently review a trial court's determination of whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) "[W]e may affirm a ruling that is correct in law on any ground." (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

### *Analysis*

On appeal, Sardin argues that the trial court impermissibly relied on the facts contained in the Court of Appeal's prior opinion and "records it was able to cull together from the microfiche copies of minute orders memorializing appellant's convictions and sentencing in Superior Court case [No.] A771092," rather than "the original trial court file or appellate transcripts from appellant's trial."

Even assuming that the trial court's reliance on certain portions of the record of conviction, and in particular the opinion in Sardin's direct appeal, was impermissible at the prima facie stage of proceedings, we affirm the trial court's order because Sardin is ineligible for relief as a matter of law. (See *People v. Cortes*, *supra*, 75 Cal.App.5th at p. 204.) The instructions and the jury's verdicts demonstrate that the jury convicted Sardin as the actual killer. Although the jury was instructed that it could find Sardin guilty of first degree murder if it found that "[t]he

6

unlawful killing of a human being, whether intentional, unintentional, or accidental . . . occur[ed] as the result of . . . robbery, burglary, or rape and . . . there was in the mind of the perpetrator the specific intent to commit such crime" (CALJIC No. 8.21), the felony murder instructions given did not instruct the jury that it could convict Sardin based on the conduct or mental state of an accomplice to one or more of those offenses. Further, the trial court did not instruct on accomplice liability or advise the jury that it could impose vicarious liability for murder on Sardin based on the actions or mental state of an accomplice. Rather, the court instructed the jurors that they could only find Sardin guilty of felony murder if he perpetrated the underlying inherently dangerous felony and in the course of committing that felony he personally killed the victim. An actual killer may still be convicted of felony murder following the amendments to sections 188 and 189. (*People v. Bodely*, *supra*, 95 Cal.App.5th at p. 1199; *People v. Albert Garcia*, *supra,* 82 Cal.App.5th at p. 967.)

## DISPOSITION

We affirm the trial court's order denying Sardin's petition for resentencing under Penal Code section 1172.6.

NOT TO BE PUBLISHED.

                                        MOOR, J.

We concur:


        BAKER, Acting, P. J.


        LEE, J.*

---

        * Judge of the Superior Court of San Bernardino County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.